# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

MICHAEL SHAVERS,　　　　　　　　)
　　　　　　　　　　　　　　　　　)
　　　Petitioner,　　　　　　　　　)
　　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　　)　　Case No. CV411-064
　　　　　　　　　　　　　　　　　)
THE STATE OF GEORGIA and　　　　　)
THE ATTORNEY GENERAL OF　　　　　 )
THE STATE OF GEORGIA,[1]　　　　　)
　　　　　　　　　　　　　　　　　)
　　　Respondents.　　　　　　　　 )

## REPORT AND RECOMMENDATION

Michael Shavers, currently incarcerated at the Chippewa Correctional Facility in Kincheloe, Michigan, has petitioned for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[2] (Doc. 1.) His motion for leave to proceed *in forma pauperis* (doc. 2) is **GRANTED**, but his petition should be **DISMISSED** as time-barred.

---

[1] The proper respondent should be the person who currently has custody over him, not the state or its attorney general. *See* Rule 2(b), Rules Governing 28 U.S.C. § 2254 Cases. Correcting the error is unnecessary, however, since the petition is clearly untimely.

[2] While Shavers is currently confined in Michigan, he claims to be serving a Chatham County, Georgia Superior Court life sentence for murder, kidnaping, and armed robbery. (Doc. 1 at 3-4.) Hence, jurisdiction is proper here.

The timeliness of a § 2254 petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which established a one-year statute of limitations for habeas corpus petitions filed by state prisoners. *See* 28 U.S.C. § 2244(d). Shavers was convicted on December 17, 1976, long before AEDPA. (Doc. 1 at 4.) Since he attacks a pre-AEDPA conviction, he had until April 23, 1997, one year after AEDPA's effective date, to file a § 2254 petition or otherwise toll the limitation period. *Wilcox v. Fla Dep't of Corr.*, 158 F.3d 1209, 1210 (11th Cir. 1998).

Petitioner claims that he submitted his state habeas petition for filing on June 30, 2008, one day before the statutory cutoff under Georgia code, O.C.G.A. § 9-14-42(c)(1) (permitting those convicted of felonies prior to July 1, 2004 to file their habeas petitions by July 1, 2008), and many decades after his conviction. (Doc. 1.) Although a state habeas action may toll the one-year federal limitations period, 28 U.S.C. § 2244(d)(2), it cannot reset it. *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) (a state habeas petition filed after the AEDPA limitations period has expired cannot toll the statute of

limitations because there is no time left to toll). Hence, Shavers' delay in filing the state habeas petition counts against him in determining his compliance with AEDPA's one-year limitations period. That means that his petition here is untimely by many years. In fact, it was untimely long before he filed his state habeas petition. Accordingly, Shavers' § 2254 petition should be **DISMISSED**.[3]

Applying the Certificate of Appealability ("COA") standards, which are set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); *see Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (approving sua sponte denial of COA before movant filed a notice of

---

[3] The petition also fails on the merits. Petitioner attacks the state habeas court's determination that his petition was filed on July 21, 2008 instead of June 30, 2008 (the state habeas court ultimately determined that Shavers' petition was untimely). (Doc. 1 at 10.) In other words, he attacks the habeas court's determination rather than attacking his own conviction or sentence. This he cannot do, because "an alleged defect in a collateral proceeding does not state a basis for [federal] habeas relief." *Quince v. Crosby*, 360 F.3d 1259, 1262 (11th Cir. 2004); *Alston v. Department of Corrections, Florida*, 610 F.3d 1318, 1326 (11th Cir. 2010); *Carroll v. Sec'y DOC*, 574 F.3d 1354, 1365-66 (11th Cir. 2009) ("This Court has repeatedly held defects in state collateral proceedings do not provide a basis for habeas relief."); *Anderson v. Sec'y for Dep't of Corr.*, 462 F.3d 1319, 1330 (11th Cir. 2006) (per curiam) (same); *Spradley v. Dugger*, 825 F.2d 1566, 1568 (11th Cir. 1987) (noting that a valid petition must address claims related to the cause of petitioner's detention).

appeal). And, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3).

**SO REPORTED AND RECOMMENDED** this 28th day of March, 2011.

/s/ *signature*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT of GEORGIA